FILED

MAY 27 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONALD EDWARD BEATY,<br><br>　　　　　Plaintiff - Appellant,<br><br>　v.<br><br>JANICE K BREWER, Governor of Arizona; CHARLES RYAN, Director, Arizona Department of Corrections; ERNEST TRUJILLO, Warden, Arizona Department of Corrections- Eyman; CARSON MCWILLIAMS, Warden, Arizona Department of Corrections-Florence; UNKNOWN PARTIES, Names as Does 1-50,<br><br>　　　　　Defendants - Appellees. | No. 11-99007<br><br>D.C. No. 2:11-cv-01037-NVW<br>District of Arizona,<br>Phoenix<br><br><br>ORDER |

Before:　THOMAS, Circuit Judge and Capital Case Coordinator

　　　The Amended Order dated May 25, 2011,　is amended to include the

attached concurrence by Chief Judge Kozinski and the additional dissent by Judge

Reinhardt.

**KOZINSKI**, Chief Judge, with whom Judges **GOULD** and **N.R. SMITH** join, concurring in the denial of rehearing en banc:

Because I decided not to delay further the order denying en banc rehearing, I did not file a concurral on the day of the execution. Nevertheless, I believe it's important to lay out an argument that I found very persuasive when voting on the en banc call. By the time Beaty asked for a stay, his claim—that the state violated his constitutional rights by substituting pentobarbital for sodium thiopental as the first drug in its three-drug execution protocol—had already been rejected by two other courts of appeals. The Tenth Circuit approved a protocol virtually identical to Arizona's after allowing the inmate to conduct discovery, submit an expert report and participate in an evidentiary hearing. See Pavatt v. Jones, 627 F.3d 1336, 1338–40 (10th Cir. 2010). The Eleventh Circuit approved the substitution of pentobarbital for sodium thiopental just last week. See Powell v. Thomas, No. 11-12238, 2011 WL 1899564, at *1–2 (11th Cir. May 19, 2011) (per curiam). None of Beaty's filings—not his complaint, nor his motion for a TRO before the district court, nor his emergency motion in our court—suggested any way in which the Tenth or Eleventh Circuits' analyses were deficient, or that his case differed materially from those of the inmates there.

While these out-of-circuit cases aren't controlling, I found it significant that

the factual and legal issues in Beaty's claim had been fully considered by these courts. Indeed, the inmate in the Eleventh Circuit had about a month's notice of the planned drug substitution, yet the best evidence he could produce was the same expert report the Tenth Circuit had rejected. See Powell, 2011 WL 1899564, at *1–2. I didn't see how Beaty would come up with better evidence if we granted him a stay, or how he'd clear the Supreme Court's high bar for finding a constitutional violation. See Baze v. Rees, 553 U.S. 35, 49–50 (2008) (plurality op.). It was therefore appropriate for the district court to rely on the Tenth and Eleventh Circuits' analyses in denying Beaty a stay of his execution, and for the three-judge panel to rely on the same reasoning. See Order Denying Mot. for TRO or Prelim. Inj., Beaty v. Brewer, No. CIV 11-1037-PHX-NVW, at 7 (D. Ariz. May 25, 2011) (docket entry #9) ("[B]oth the Tenth and Eleventh Circuits have found that use of pentobarbital does not create a substantial risk of serious harm."); see also Beaty v. Brewer, No. 11-99007, Order at 2 (9th Cir. May 25, 2011) ("For the reasons expressed by the district court, we conclude that Beaty has failed to satisfy [the standard for a preliminary injunction]."). There was no reason to go en banc and further delay the inevitable.

*Beaty v. Brewer*, No. 11-99007

REINHARDT, Circuit Judge, additional dissent from the denial of rehearing en banc:

Chief Judge Kozinski finds it "very persuasive" that two circuits have approved the use of the three-drug protocol that Arizona adopted less than twenty-four hours before the scheduled execution. Again, I find it necessary to express my disagreement.

Conflicts among circuits are common. Indeed, one of the principal reasons for the Supreme Court to hear cases is to resolve the numerous conflicts among circuits. *See* Sup. Ct. R. 10. That other circuits have taken a position on a constitutional question does not relieve us of the responsibility to make a full and independent judgment ourselves. This is the Ninth Circuit, not the Tenth or Eleventh, and our views sometimes differ from those of other circuits. *See, e.g.*, *United States v. Gaudin*, 28 F.3d 943 (9th Cir. 1994) (en banc), *affirmed*, 515 U.S. 506 (1995); *id*. at 955 (Kozinski, J., dissenting) (observing, prior to the affirmance of our decision by the Supreme Court, that "[e]very other circuit to have considered" the question presented has disagreed with the Ninth Circuit).

This is a death penalty, not a slip-and-fall case. We have no greater duty than to decide such cases fairly and properly. Constitutional challenges often turn on their facts. We will never know whether with more time Beaty could have

successfully pleaded sufficient facts to satisfy the district court or the three judges of this court to whom the case was assigned that a stay was warranted.

When the State has created a constitutional issue by changing the method of execution only eighteen hours before that ultimate and irreversible act is to take place, we must permit the person to be executed adequate time to prepare his challenge. That did not happen here. As a result, Beaty was deprived of due process, and we as a court were compelled to fall back on inadequate arguments such as those advanced by Chief Judge Kozinski, rather than to make a fully informed and independent decision of our own.